# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **BERNADETTE W. JOHNSON,** | ) | |
| **who sues individually and as** | ) | |
| **Surviving Wife and as** | ) | |
| **Administratrix and Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **JOHN R. "BUSTER" JOHNSON,** | ) | |
| **Deceased, and JASON** | ) | |
| **ALEXANDER EWING,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO. 13-330-N** |
| **v.** | ) | |
| | ) | |
| **CARNIVAL CORPORATION,** | ) | |
| **PAGE & JONES, INC., BAE** | ) | |
| **SYSTEMS SSY ALABAMA** | ) | |
| **PROPERTY HOLDINGS, LLC, et** | ) | |
| **al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF
## BAE SYSTEMS SSY ALABAMA PROPERTY HOLDINGS, LLC

The Defendant BAE Systems SSY Alabama Property Holdings, LLC hereby

answers Plaintiffs' Complaint as follows:

1.     Admitted.

2.     Admitted.

3.     This Defendant is without sufficient information or knowledge upon which

to base a belief as to the truth of these allegations.

4.      This Defendant is without sufficient information or knowledge upon which to base a belief as to the truth of these allegations.

5.      BAE Systems SSY Alabama Property Holdings, LLC ("BAEPH") is a limited liability company which is a citizen of Florida, and not of Alabama.  BAEPH owned Piers J and K on April 3, 2013.

6.      This Defendant is without sufficient information or knowledge upon which to base a belief as to the truth of these allegations.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.      On information and belief, denied.

11.      Admitted that Pier J was just north of the M/V CARNIVAL TRIUMPH and Pier K, which is a locality and situs upon the navigable waters of the United States, which are also the territorial waters of the State of Alabama, and also was a locality covered by the Admiralty Extension Act.  This Defendant is without sufficient information or knowledge upon which to base a belief as to the truth of the remaining allegations of this paragraph.

12.      Admitted that, on April 3, 2013, the M/V CARNIVAL TRIUMPH broke from its moorings on the north side of Pier K, pulled out bollards, broke or otherwise detached mooring lines, and traveled north where it hit Pier J.  This Defendant is without

sufficient information or knowledge upon which to base a belief as to the truth of the remaining allegations of this paragraph.

13.     Admitted that Plaintiff's decedent, Buster Johnson, died.  This Defendant is without sufficient information or knowledge upon which to base a belief as to the truth of the remaining allegations of this paragraph.

14.     This Defendant is without sufficient information or knowledge upon which to base a belief as to the truth of the allegations of this paragraph.

## COUNT ONE

### (Negligence)

15.     Defendant incorporates herein its responses to the allegations of paragraphs 1 through 14, above.

16.     (a)     Denied.

        (b)-(f) This Defendant is without sufficient information or knowledge upon which to base a belief as to the truth of the allegations of these subparagraphs.

17.     On information and belief, denied.

18.     Denied.

## COUNT TWO

### (Wantonness or Recklessness)

19.     Defendant incorporates herein its responses to the allegations of paragraphs 1 through 18, above.

3

20.   (a)   Denied.

(b)-(f) This Defendant is without sufficient information or knowledge upon which to base a belief as to the truth of the allegations of these subparagraphs.

21.   On information and belief, denied.

22.   Denied.

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which punitive damages can be recovered against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States.

## THIRD AFFIRMATIVE DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case is in violation of the Fourth Amendment of the Constitution of the United States; the Fifth Amendment of the Constitution of the United States; of the right to counsel and a fair trial

4

provided by the Sixth Amendment of the <u>Constitution of the United States</u>; of the right to

trial by jury of the Seventh Amendment of the <u>Constitution of the United States</u>; of the

proportionality principles contained in the Eighth Amendment of the <u>Constitution of the</u>

<u>United States</u>; the Due Process Clause of the Fourteenth Amendment of the <u>Constitution</u>

<u>of the United States</u>

     1.     Because punitive damages are a form of criminal or quasi-criminal sanctions, any award of punitive damages is unconstitutional absent the same protections afforded to criminal defendants;

     2.     The standards of conduct upon which punitive damages are sought against this Defendant are vague and ambiguous and are not rationally related to any legitimate purpose; and

     3.     An award of punitive damages in this case would permit the punishment of this Defendant other than by virtue of a law established and promulgated prior to the offense and legally applied.

### FOURTH AFFIRMATIVE DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious

liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments

of the <u>Constitution of the United States</u>.

### FIFTH AFFIRMATIVE DEFENSE

The assessment and adjudication of any punitive damages against a defendant

other than those measured according to its sole, individual conduct would be improper

and impermissible.

## SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> because punitive damages are penal in nature, and the defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages deprives Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> for the following reasons, jointly and separately:

a.      The procedures to be followed would permit the awarding of punitive damages against a defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

b.      The procedures to be followed would permit an award of punitive damages against a defendant upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

c.      The absence of sufficiently specific and objective standards for the impositions of punitive damages fails to ensure the equality of treatment between and among similarly situated defendants and, thus, may result in the imposition of disparate penalties for the same or similar acts; and

d.      Punitive damages are penal in nature and the defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available lin criminal cases.

## EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case will constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States.

## NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and separately:

1.     The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiffs;

2.     The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of Defendant's property with no rationally stated purpose;

3.     Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process; and

4.     Such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## TENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), the issue of punitive damages is not a question of fact to be decided by a jury.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So.2d 507 (Ala. 1997); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.408 (2003).

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); and the application thereof in *BMW of North America, Inc. v.*

*Gore*, 701 So.2d 507 (Ala. 1997); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.408 (2003).

## FIFTEENTH AFFIRMATIVE DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So.2d 507 (Ala. 1997); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), in assessing constitutional punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be unconstitutional under *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So.2d 507 (Ala. 1997); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), because this Defendant did not receive notice of the severity of the potential penalty that might be imposed as punishment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any punitive damages assessed against this Defendant must be mitigated in accordance with the factors set forth in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW*

*of North America, Inc. v. Gore*, 517 U.S. 599 (1996); and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So.2d 507 (Ala. 1997); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Green Oil Co. v. Hornsby,* 539 So.2d 218 (Ala. 1989); *Hammond v. City of Gadsden*, 493 So.2d 1374 (Ala. 1986); and their progeny.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The incident, injuries and damages about which Plaintiffs complain were caused and/or contributed to by other parties and/or third parties over whom this Defendant had no control and for whom this Defendant is not responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

The incident, injuries, and damages alleged resulted from the negligence of others over whom this Defendant had no control or for whom this Defendant is not responsible, which fact bars or mitigates Plaintiffs' recovery against this Defendant, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

Under federal common law, punitive damages may not be awarded for vicarious liability. Lakeshore & Michigan So. Railway Co. v. Prentice, 147 U.S. 101 (1893) (citing The Amiable Nancy, 16 U.S. 546 (1818)); In re P & E Boat Rentals, Inc., 872 F. 2d 642, 652 (5th Cir. 1989).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Punitive damages are not recoverable in this action, either by statute, general maritime law, or otherwise.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are preempted by federal law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are governed by the general maritime law of the United States and all applicable statutes related thereto.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Loss of society damages are not recoverable in this action, either by statute, general maritime law, or otherwise.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

An award of loss of society damages in this case will violate Due Process and Equal Protection rights guaranteed by the United States Constitution because juries are not given any rules, standards, or guidelines upon which to rely in loss of society damage awards.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To award Plaintiffs damages for loss of society in the absence of any standards for the determination of loss of society and/or the absence of any requirement for corroborating or objective evidence of loss of society makes such an award tantamount to

11

punitive damages.  As such, Defendant avers that such an award in this case would violate the <u>Constitution of the United States</u>.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Under general maritime law, damages are recoverable for pecuniary losses, and Plaintiffs are therefore precluded from recovering punitive damages and loss of society damages, which are non-pecuniary. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19 (1990); <u>Tucker v. Fearn</u>, 333 F.3d 1216 (11th Cir. 2003).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Survival damages are not recoverable in this action, either by statute, general maritime law, or otherwise.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant denies that it has been guilty of any conduct that would allow recovery of emotional distress or mental anguish damages.

## THIRTIETH AFFIRMATIVE DEFENSE

An award of mental anguish or emotional distress damages in this case will violate Due Process and Equal Protection rights guaranteed by the United States Constitution because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To award Plaintiffs damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotion distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages.  As such, Defendant avers that such an award in this case would violate the Constitution of the United States.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant denies that the injuries and damages allegedly suffered by Plaintiffs and the decedent were the legal and proximate result of any act or omission on the part of this Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Any damages claimed by Plaintiffs are the result of independent and intervening causes.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the doctrine of intervening cause or superseding cause to the extent that acts of individuals known/unknown or conditions known/unknown or acts of God may constitute acts or conditions of an independent character over whom/which this Defendant has no duty or ability to control thereby constituting an independent cause resulting in the damages claimed by Plaintiffs.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant incorporates any and all other affirmative defenses asserted or to be asserted by any present or future Defendant to the extent that those defenses are not inconsistent with this Defendant's denial of any and all liability for Plaintiffs' alleged damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to assert additional defenses that may arise as discovery progresses or that it otherwise becomes aware of during the course of this litigation.

WHEREFORE, after all due proceedings, Defendant requests there be judgment in its favor and against the claims of Plaintiffs and dismissing all said claims at Plaintiffs' sole cost.

*s/ A. Danner Frazer, Jr.*
A. DANNER FRAZER, JR.   (FRA017)
MICHAEL E. UPCHURCH   (UPC004)
Attorneys for Defendant BAE Systems
SSY Alabama Property Holdings, LLC

**OF COUNSEL:**
FRAZER GREENE UPCHURCH & BAKER, LLC
P. O. Box 1686
Mobile, Alabama 36633
Telephone: (251) 431-6020
Fax: (251) 431-6030
adf@frazergreene.com
meu@frazergreene.com

## CERTIFICATE OF SERVICE

 I hereby certify that I have on July 3, 2013, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System which will automatically serve the same via electronic mail and/or by placing same in the United States mail, first class postage prepaid and properly addressed to the following:

*Attorneys for Plaintiffs*
George W. Finkbohner, III, Esquire
Toby D. Brown, Esquire
CUNNINGHAM BOUNDS, LLC
Post Office Box 66705
Mobile, Alabama 36660

*Attorney for Plaintiffs*
David A. Bagwell, Esquire
Post Office Box 2126
Fairhope, Alabama 36533

*Attorney for Defendant Carnival*
Mary Campbell Broughton, Esquire
FOWLER RODRIGUEZ
Post Office Box 40008
Mobile, Alabama 36640

*Attorneys for Defendant Carnival*
Antonio J. Rodriguez, Esquire
George J. Fowler, III, Esquire
A. T. Chenault, Esquire
Michael A. Harowski, Esquire
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130

Page & Jones, Inc.
c/o Registered Agent
Rufus Lee, President
P. O. Box J
Mobile, AL 36601

     s/ *A. Danner Frazer, Jr.*