IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| BERNADETTE W. JOHNSON, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION NO. 13-0330-CG-C |
| CARNIVAL CORPORATION, et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on Plaintiffs' motion to amend its complaint (Doc. 82), opposition thereto filed by BAE Systems SSY Alabama Property Holdings, LLC (Doc. 86), and Plaintiffs' reply (Doc. 87). For the reasons explained below, the court finds that Plaintiffs' motion to amend should be granted.

This case involves damages and injuries that occurred when the mooring bollards securing the CARNIVAL TRIUMPH allegedly failed while the CARNIVAL TRIUMPH was undergoing repairs at the BAE Shipyard in Mobile, Alabama. The original complaint asserts claims against BAE Systems SSY Alabama Property Holdings, LLC ("BAE Property"), Carnival Corporation and Page & Jones, Inc.[1] (Doc. 1-2, p. 9). Plaintiffs now seek to add two additional BAE entities, BAE Systems Ship Repair, Inc. ("BAE Ship Repair"), and BAE Systems Southeast Shipyards AMHC, Inc. ("BAE AMHC"). The allegations of the proposed amended

---

[1] Page and Jones, Inc. was dismissed without prejudice from this case upon motion by Plaintiffs. (Docs. 6, 12).

1

complaint are predominantly the same. Both allege that Carnival and the BAE entities were negligent (Count One) and were wanton or reckless (Count Two). BAE Property opposes the amendment asserting that Plaintiffs have not alleged any facts against the new BAE entities that would entitle it to relief. Specifically, BAE Property asserts that to be liable for negligence and/or wantonness there must be a breach of a duty, and there are no facts to support such a duty.

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." See FED. R. CIV. P. 15(a). The Eleventh Circuit recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted). That said, leave to amend can be properly denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

In the instant case, Plaintiffs timely filed its motion to amend before expiration of the 16(b) deadline for amendments. BAE Property objected to the amendment asserting that the amendment is futile because no facts have been

alleged to support the requisite element of duty. "Because the court's jurisdiction is grounded in admiralty, the court look[s] to the common law in considering maritime torts. Royal Ins. Co. of America v. Southwest Marine, 194 F.3d 1009, 1015 (9th Cir. 1999) (citation and internal quotation omitted). "To establish negligence, [a] plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." Martin v. Arnold, 643 So.2d 564, 567 (Ala.1994) (citation omitted). "To establish wantonness, [a] plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." Id.

"In Alabama, the existence of a duty is a strictly legal question to be determined by the court." Proctor v. Fluor Enterprises, Inc., 494 F.3d 1337, 1347 (11th Cir. 2007) (citation omitted). "The ultimate test of a duty to use care is found in the foreseeability that harm may result if care is not exercised." Id. (quoting Zanaty Realty, Inc. v. Williams, 935 So.2d 1163, 1168 (Ala. 2005)). Foreseeability requires anticipating that " 'some general harm or consequence would follow,' " but not the " specific event." Id. (quoting Smith v. AmSouth Bank, Inc., 892 So.2d 905, 910 (Ala. 2004)).

Plaintiffs contend that the new BAE entities' duty of care arises because there are facts that directly implicate them. Specifically, Plaintiffs assert that in 2010, their key managers and directors requested and were provided with an engineering report which pointed out numerous safety deficiencies at Pier K and that they failed to do anything to safeguard against the safety hazards. The

3

engineering report found that the mooring hardware was in "serious condition" and that the pier overall was in poor condition and would continue to deteriorate within the next 3 to 5 years. (Doc. 87, p. 5). BAE entities reportedly had this knowledge prior to acquiring the shipyard, but allegedly failed to warn of the defective conditions and/or failed to ensure that the known defective and dangerous conditions were remedied. Such facts could support a finding that harm was foreseeable.

BAE Property asserts that simply being aware of the alleged condition of the pier is not sufficient to impose a duty on the new BAE entities. According to BAE Property the Alabama Supreme Court foreclosed such a theory in In re Birmingham Asbestos Litig., 619 So.2d 1360 (Ala. 1993). However, in Birmingham Asbestos Litig., there was no indication that the companies in question undertook any assessment of the condition or that they had received reports informing them of the hazards that subsequently caused injuries. The Supreme Court of Alabama did not discuss the foreseeability of the harm. The Court merely found that the corporate veil could not be pierced based solely on the basis of the parent companies' control over the subsidiary companies. Id. at 1362-63.

BAE Property also cites a Florida case which found that a parent corporation of a Denny's restaurant could not be held liable for injury sustained when a waitress tripped over a kickplate that was installed to repair of a salad bar. Flagstar Companies, Inc. v. Cole-Ehlinger, 909 So.2d 320, 321 (Fla.App. 2005). However, in Flagstar, the Court found there was no liability because the evidence

showed that the parent company had no role in the operation or maintenance of the restaurant and played no role in the repair of the salad bar. Id. at 322. There was no suggestion in the case that the parent company had investigated the condition of the restaurant or the salad bar. Nor, was there any evidence that the parent company had any prior knowledge of any defect or potential hazard. As such, the court does not find that the Flagstar case has any application to the instant case.

The proposed amended complaint alleges that BAE Ship Repair "was involved in the assessment of the condition of the mooring bollards on Pier K and the condition Pier K." (Doc. 82-1, ¶ 5). The amended complaint does not make any similar statement directed specifically at BAE AMHC. However, the amended complaint states that the BAE entities "failed to warn of the inadequacy and the lack of maintenance repair and/or replacement of unsafe and/or deteriorated wharfage and mooring equipment" and that "[t]hey knew or should have known that the wharfage and mooring equipment at Pier K, including bollards, were not adequate and/or safe for the mooring of vessels like the M/V CARNIVAL TRIUMPH." (Doc. 82-1, ¶¶ 16, 19). When considering whether a claim has been stated, "the pleadings are construed broadly," and "the allegations in the complaint are viewed in the light most favorable to the plaintiff." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (citations omitted). Although Plaintiffs refer to all of the BAE entities together, the court finds that Plaintiffs' negligence and wantonness claims are sufficiently stated to comply with the notice requirements for pleadings. The Federal Rules of Civil Procedure require only that the complaint

5

provide " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)), abrogated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); see also FED. R. CIV. P. 8(a)(2) (requiring that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). The court finds that BAE Property has not shown that Plaintiffs' claims against BAE Ship Repair and BAE AMHC are insufficient as a matter of law.

There being no substantial reason to deny leave to amend, the court must allow the amendment. Accordingly, Plaintiffs' motion to amend its complaint (Doc. 82), is hereby **GRANTED**.

**DONE** and **ORDERED** this 25th day of September, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE